LONGO, APPELLEE, *v.* WALTER, APPELLANT.

(No. 7901—Decided November 29, 1954.)

*Messrs. Hoover, Beall, Whitman & Eichel,* for appellee.
*Messrs. Weinberger & Grad,* for appellant.

MATTHEWS, P. J. This is an appeal on questions of law and fact in an action for specific performance of a contract for the purchase of real estate. At the trial in this court it developed that there was no dispute that the plaintiff signed a written document in which it was recited that the defendant, appellant herein, "has contracted to sell" and John Longo "has contracted to buy" the property therein described for $16,000. This was followed by the provision that "title to be free, clear and unencumbered and shall be conveyed by deed of general warranty with release of dower by seller's spouse."

The testimonium clause was as follows: "In witness whereof, August Walter, ........, his wife, the sellers, and John Longo, the buyer, have hereunto set their hands this the 4th day of February, 1953."

The only signatures that followed this clause were those of August Walter and John Longo. August Walter's wife did not sign.

The first contention of the defendant is that inasmuch as it appears on the face of this written document that August Walter and his wife are described in the testimonium clause as the "sellers" no contract between August Walter and John Longo came into existence—that unless and until Mrs. Walter signed, there was no intent to become bound.

It is correct, as stated in 12 American Jurisprudence, 519 and 520, Section 23, that "A contract is not made so long as, in the contemplation of both parties thereto, something remains to be done to establish contract relations. The law does not make a contract when the parties intend none, nor does it regard an arrangement as completed which the parties thereto regard as incomplete."

Therefore, the question is whether August Walter and John Longo had the intent when they signed and exchanged copies (which they did) to become bound to one another, notwithstanding the failure or refusal of Mrs. Walter to sign. That is a question of fact to be determined from all the circumstances.

The document contains internal evidence that Mrs. Walter was not regarded by August Walter and John Longo as one of the contracting parties. In the first paragraph, which we have

quoted, she is not mentioned as one of the contracting parties. It is true that in the testimonium clause Walter's wife is mentioned and described as one of the "sellers," but it is manifest that had she signed, she would not have been bound by any of the contractual provisions other than the provision relating to the release of dower.

There certainly is no condition precedent to its taking effect expressed in the contract.

Plaintiff, appellee herein, offered evidence aliunde to prove the intent of the parties. One of the items was a written agreement or offer by Mr. Walter executed the day before the written contract sued upon was executed. The plaintiff also introduced evidence of conversations between Walter and Longo at the time of signing that it was not necessary for Mrs. Walter to sign, and other evidence indicating that Walter signed knowing that Mrs. Walter would not sign and manifesting an intent to contract notwithstanding Mrs. Walter's refusal to sign.

The defendant accepted a payment of $500 upon the purchase price and delivered to the plaintiff the deed conveying the property to him (Longo), so that Walter would have a description to use in preparing the new deed.

We are of the opinion that all this evidence was competent and relevant upon the issue of the intent of the parties in signing this document. None of it varies the terms of the written document. All it does is to supply the purpose of the parties in executing it.

We conclude that this document bound the parties, notwithstanding the absence of Mrs. Walter's signature.

Finally, it is contended that specific performance of this contract cannot be enforced because Mrs. Walter cannot be required to release her inchoate right of dower. It is said that as Walter could not have obtained specific performance and as the rule in equity requires that the remedy must be mutual, Longo is likewise precluded. We do not think the equitable rule leads to this conclusion. Walter agreed to convey a free, clear, and unencumbered title by deed of general warranty. If he did not have that title at the time the contract was entered into, it was his obligation to get it in time to perform. If he had or con-

trolled a partial title, it was the option of the buyer to say whether he desired the title which was in the power of the seller to convey, with an equitable abatement from the purchase price. In 81 Corpus Juris Secundum, 451, Section 21, it is said: "Specific performance with a proportionate abatement for the price may be awarded notwithstanding the defect in land or title is considerable." And on the same page, it is stated that:

"A court of equity will not compel a wife to release her inchoate dower right or similar statutory right under a contract of her husband to sell the land to which she is not a party, or direct the husband to procure his wife to join him in the conveyance; but the failure or refusal of the wife to execute the deed is no obstacle to specific performance against the husband where the purchaser is willing to pay the full purchase price."

See, *Cities Service Oil Co.* v. *Viering*, 404 Ill., 538, 89 N. E. (2d), 392, 13 A. L. R. (2d), 1448, and annotation.

In view of the fact that the plaintiff has agreed to accept a conveyance by a general warranty deed without any abatement from the purchase price and without any determination of the value of the inchoate right of dower, we are of the opinion that the equities favor the plaintiff, and that he is entitled to specific performance.

A decree similar to that entered in the Common Pleas Court may be presented.

*Judgment accordingly.*

Ross and Hildebrant, JJ., concur.